UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-60054-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID ROTHENBERG, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____/ | |

**GOVERNMENT'S MOTION FOR AN UPWARD DEPARTURE AND/OR AN UPWARD VARIANCE**

The United States of America files this Motion for an Upward Departure and/or an Upward Variance and as grounds states as follows:

**Procedural Background**

1. On May 23, 2016, Defendant was charged by superseding indictment with four counts of distribution of child pornography, one count of receipt of child pornography and one count of possession of child pornography.

2. On June 16, 2016, Defendant pled guilty to one count of possession of child pornography.

3. On July 22, 2016, a Presentence Investigation Report ("PSI") was issued by the United States Probation Office ("Probation") (DE:45). The PSI calculated Defendant at a total offense level of 35, criminal history category of I. His guideline sentencing range is 168-210 months.

4. For the reasons stated below, the United States asks this Court to grant an upward departure and/or an upward variance and sentence Defendant to 240 months.

## Argument

**1. The enhancement applied under § 2G2.2(b)(5) does not adequately reflect the seriousness of the sexual abuse or exploitation involved in this case.**

In the PSI, Defendant received an enhancement pursuant to § 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. However, "an upward departure may be warranted if the defendant received an enhancement under subsection (b)(5) but that enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved." § 2G2.2, comment. (n. 1). At sentencing, the United States will present additional information concerning the relationship between Defendant the minor child referred to in the PSI as "Victim 1." His sexual exploitation of that minor spanned a period of years and constituted an abuse of trust placed in him by the child's parents. In Defendant's statement to probation, contained in the PSI, he asserts that "What [he] did on-line was limited to issues in [his] mind that [he] engaged in over the internet." However, Defendant openly bragged about his abuse of Victim 1 to the undercover detective, providing graphic details which were later confirmed by the child. In addition, Defendant advised the undercover detective he had sexually abused another girl who was "a little younger" than thirteen. Defendant's conversations with the undercover were not merely online exchanges of fantasies between adults, but a concerted effort on Defendant's part to secure another minor child to abuse. The enhancement does not adequately reflect the seriousness of Defendant's conduct and an upward departure is warranted.

**2. The length of visual depictions possessed by Defendant are substantially more than five minutes.**

§ 2G2.2, comment. (n. 4(b)(ii)) advises, "If the length of the visual depiction is substantially more than 5 minutes, an upward departure may be warranted." Defendant's collection of child pornography included approximately thirty-two videos. The United States will

present evidence that twelve of those videos are over five minutes in length. Nine were over 10 minutes, with the longest running 38 minutes. Of the videos that were over five minutes, two depicted sexual acts with minor children who were bound with ropes. These facts support an upward departure.

### 3. Defendant traded child pornography and visited child exploitation chatrooms over a period of several years.

The typical possession case involves downloading child pornography with peer to peer file sharing software and saving that material in shared folders which can be accessed by others. Here, Defendant was actively involved in trading child pornography as well as discussing and advocating the exploitation of children through several online mediums. Defendant engaged with the undercover detective in an online chat room, via email and through a mobile messaging service. An analysis of email records provided by Google, Inc. revealed Defendant had engaged in trading child pornography with at least one individual in December 2013. During the forensic examination of Defendant's computer and Google, Inc. account records, FBI agents also uncovered evidence that Defendant had visited numerous chat rooms which served as forums to discuss the sexual abuse of children. They also found evidence Defendant communicated with other women purporting to be mothers of young children, as far back as 2011. This behavior suggests Defendant is a danger to the community and presents a high risk of recidivism.

The length of the videos possessed and failure of the § 2G2.2(b)(5) enhancement to adequately reflect the seriousness of the sexual abuse or exploitation involved warrant an upward departure. In addition to these factors, Defendant's trading of child pornography, his repeated presence in abuse-themed chatrooms, his use of the Internet to seek additional victims for hands-on offenses, the dangerous nature of Defendant's conduct, the high risk of recidivism, the need to promote respect for the law, provide just punishment and to protect the public all weigh in favor

of an upward variance.

      Wherefore, the Government respectfully requests this Court grant an upward departure and/or an upward variance.

                                      Respectfully submitted,
                                      WIFREDO A. FERRER
                                      UNITED STATES ATTORNEY

                              By:   */s/ Anita G. White*
                                      Anita G. White
                                      Assistant United States Attorney
                                      Florida Bar No. 537861
                                      500 East Broward Boulevard
                                      Fort Lauderdale, FL 33394
                                      Telephone: (954) 660-5946
                                      Email: anita.white@usdoj.gov

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by CM/ECF this 22nd day of August, 2016 to all counsel of record.

                */s/Anita G. White*
                Assistant United States Attorney